Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 431 | **DATE** | 11/25/2003 |
| **CASE TITLE** | Telular Corp. vs. Mentor Graphics Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment with respect to Count III is granted. Enter Memorandum Opinion and Order. Pretrial order will be due by 12/24/03; and response to any motions in limine by 1/7/04. Pretrial conference set for 1/23/04 at 4:00 p.m. Trial set for 2/9/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 26 2003 | |
| | Notified counsel by telephone. | | date docketed | 89 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/25/2003 | |
| | | | date mailed notice | |
| | MPJ | courtroom deputy's initials | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**TELULAR CORPORATION,**)
)
Plaintiff,)
)
v.) No. 01 C 0431
)
**MENTOR GRAPHICS CORPORATION,**)
)
Defendant.)

### MEMORANDUM OPINION AND ORDER

Plaintiff Telular Corporation ("Telular"), a Delaware corporation with its principal place of business in Illinois, designs and manufactures telecommunications devices. In 1996, Telular entered into a contract to purchase digital signal processors ("DSPs") from defendant Mentor Graphics Corporation ("Mentor"), an Oregon corporation with its principal place of business in Oregon. Telular was developing a product to be built with a DSP designed by Texas Instruments ("TIC50"), but purchase of DSPs from Texas Instruments was not feasible. Mentor informed Tellular that it produced a clone of the TIC50, the M320C50. Telular claims that after purchasing M320C50s from Mentor, they did not perform as allegedly promised.

Telular filed a three-count complaint alleging fraudulent inducement, violation of the Illinois Consumer Fraud Act, and breach of contract. I dismissed the Consumer Fraud Act claim,



finding that an Oregon choice of law provision in the contract precluded application of the Illinois act. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C431 (N.D. Ill., filed Jan. 22, 2001) (order dismissing Count II). Mentor now moves for summary judgment as to Count III, the breach of contract claim, arguing that plaintiff cannot demonstrate compliance with the contractual obligations. I grant the motion.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Telular and Mentor originally contracted for Mentor's services in developing custom computer chips for Telular's new Application Specific Integrated Circuit ("ASIC") in 1996. After several years of effort on both sides, Telular claims Mentor stopped work on the project in December 1998. However, testimony from Mr. Giacopelli suggests that work continued at least through July 1999. In February 1999, Telular and Mentor signed an Amendment to the original contract, updating the responsibilities of both Telular and Mentor. In June and July 1999, three emails were sent from

2

Telular to Mentor, detailing the then-current problems with the project and asking for work-arounds for those problems. Finally, in October 1999, Dan Giacopelli, Telular's Executive Vice President and Chief Technical Officer, sent Mentor a letter terminating the contract and demanding reimbursement from Mentor.

Mentor argues that Telular did not comply with the contractual obligation to provide 30-day notice of any non-conforming performance before terminating the contract. The contract provides that it may be terminated "by either party upon thirty (30) days notice to the other for breach of any material term or condition; provided, that such breach is persisted in or not cured within such thirty (30) day period." Further, the contract requires that such notice must be delivered by hand or by registered or certified mail. Telular must show performance of its contractual obligations before it can successfully claim breach on Mentor's part. *Huszar v. Cert. Realty Co.*, 512 P.2d 982, 984 (Ore. 1973).

Telular's only evidence of compliance with the notice requirement are three emails sent in June and July 1999, discussing ongoing efforts between Telular and Mentor to develop the product. The emails were sent by Telular's Gerard Knight to various individuals at Mentor[1] and discuss the results of testing on the part of Telular. However, these emails do not meet the contractual

---

[1] Recipients of the emails included Larry Specter, Bob Dawson, Jeff Hickey, Ray Dzurney, and Nancy Misucavech.

3

requirements for notice of breach, nor do they discuss a breach on Mentor's part or possibility for cure. Nothing serves to distinguish these emails from other communications between the parties during the course of the project. Mr. Giacopelli stated that he was not even aware of the notice requirement when he sent the October 1999 letter to Mentor and therefore could not have intended the June/July emails to serve as notice. Telular points to no other evidence showing its compliance with the contractual notice requirement, and I need not scour the record on its behalf. *See, e.g., Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995) ("We rely on the non-moving party to identify with reasonable particularity the evidence that precludes summary judgment."). I grant Mentor's motion for summary judgment with respect to Count III.

ENTER ORDER:

*Elaine E. Buklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 25, 2003

4