Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 431 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Telular Corp. vs. Mentor Graphics | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion for summary judgment with respect to Count of the complaint. Pretrial conference set for 3/25/04 at 4:00 p.m. and trial set for 4/12/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 3 2004 date docketed | 122 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/2/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TELULAR CORPORATION,           )
                               )
            Plaintiff,          )
                               )
     v.                        )    No. 01 C 0431
                               )
MENTOR GRAPHICS CORPORATION,   )
                               )
            Defendant.          )

DOCKETED MAR 03 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Telular Corporation ("Telular"), a Delaware corporation with its principal place of business in Illinois, designs and manufactures telecommunications devices. In 1996, Telular entered into a contract to purchase digital signal processors ("DSPs") from defendant Mentor Graphics Corporation ("Mentor"), an Oregon corporation with its principal place of business in Oregon. Telular was developing a product to be built with a DSP designed by Texas Instruments ("TIC50"), but purchase of DSPs from Texas Instruments was not feasible. Mentor informed Telular that it produced a clone of the TIC50, the M320C50. Telular claims that after purchasing M320C50s from Mentor, they did not perform as allegedly promised.

Telular filed a three-count complaint alleging fraudulent inducement, violation of the Illinois Consumer Fraud Act, and breach of contract. I dismissed the Consumer Fraud Act claim,

finding that an Oregon choice of law provision in the contract precluded application of the Illinois act. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C431 (N.D. Ill., filed Jan. 22, 2001) (order dismissing Count II). I also granted summary judgment in favor of Mentor with respect to the breach of contract claim. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C431 (N.D. Ill., filed Nov. 25, 2003). Mentor now moves for summary judgment as to Count I, the fraudulent inducement claim, arguing that plaintiff cannot establish the necessary elements of fraud under Oregon law. I deny the motion.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under Oregon law, Telular must establish nine elements to recover for fraud:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto, Inc.*, 879 P.2d 193, 211-12 (Or. Ct. App. 1994). Telular must establish these elements by "clear and convincing evidence". *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 737 P.2d 595, 605-06 (Ore. 1987) (stating that such evidence makes the truth of the facts asserted "highly probable").

Telular presents evidence that potentially established that misstatements were made. Telular states that Jack Scherer, a sales representative for Mentor, stated that the M320C50 was a "clean room clone" of the TIC50. A product brochure provided by Mentor stated that the M320C50 was compatible with the industry standard devices. Finally, Mentor's Tony Mastrianni stated that the M320C50 would run identically to the TIC50 and that processes run would be transparent. These statements did not prove to be true, as the M320C50 did not function identically to the TIC50.

Mentor argues, however, that Telular cannot establish that Mentor knew these representations were false when it made them or acted with reckless disregard of the falsity of the statement, or that Mentor did so intending to deceive Telular. *See, e.g., Huszar v. Certified Realty Co.*, 562 P.2d 1184, 1186 (Ore. 1977) (*scienter* requirement). Mentor argues that Telular has presented no evidence supporting this element, specifically stating that Telular has only deposed two Mentor employees and that no evidence in the record supports a finding of *scienter*.

3

In answer, Telular points to evidence stating that the M320C50 was an existing product. Telular argues that the capabilities of the M320C50 were therefore "susceptible of accurate knowledge" and Mentor must have known that its statements were false. *See, e.g., Joplin v. Nunnelly*, 134 P. 1177, 1179-80 (Or. 1913); *Corbin v. Preston et al.*, 218 P. 917, 922 (Or. 1923). Whether the statements by Mentor were promises, as argued by Mentor, or representations of present fact, as argued by Telular, Mentor's knowledge remains a question for the factfinder. *Mergenthaler Linotype Co. v. Evans*, 69 F.2d 287, 289 (9th Cir. 1934)(applying Oregon law). Telular need not present direct proof of fraud to prevail. *Id.*

Mentor also argues that Telular had no right to rely on representations it made about the M320C50's performance. This issue has already been settled, in Telular's favor. In my Memorandum Opinion and Order of September 11, 2003 (Sept. 11 Order), I found that Oregon law protects "the foolishly credulous as against the machinations of the designedly wicked." *Johnson v. Cofer*, 281 P.2d 981, 985 (Or. 1950). I also found that "it is ultimately the burden of the trier of fact to resolve the conflicting claims of a party who has been fraudulent and a party who has been careless in believing a fraudulent representation." Sept. 11 Order at 11. Mentor's motion for summary judgment with

4

respect to Count I is DENIED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated:     March 2, 2004